**DONALD M. GINDY**, SBN 45228
EMAIL: don@gindylaw.com
A PROFESSIONAL LAW CORPORATION
1880 CENTURY PARK EAST, SUITE 615
LOS ANGELES, CALIFORNIA 90067-1622
TEL (310) 772-0585/FAX (310) 772-0018
Attorney for Plaintiff Hitek Software LLC

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA- WEST REGION

Hitek Software LLC, a California limited liability company,

    Plaintiff,

    v.

Sunrise Broadcasting of New York, Inc., a New York Corporation; Does1-10, inclusive,

    Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

CASE NO. CV12-08004 MMM(MRW x)

**COMPLAINT:**

**1. COPYRIGHT INFRINGEMENT;
2. CONTRIBUTORY COPYRIGHT INFRINGEMENT;
3. VICARIOUS COPYRIGHT INFRINGEMENT;
4. VIOLATION OF THE DIGITAL MILLENNIUM COPYRIGHT ACT, § 1201;
5. REQUEST FOR INJUNCTIVE RELIEF**

***Demand for jury trial***

Plaintiff, Hitek Software, LLC, a California limited liability company, hereby brings the within action against Sunrise Broadcasting of New York, Inc., a New York corporation,  for copyright infringement, contributory and vicarious copyright infringement and violation of the Digital Millennium Copyright Act,

Section 1201, in connection with the unauthorized copying and usage of plaintiff''s copyrighted software entitled AbleFtp. This action is based upon a federal question.

## A.   JURISDICTION AND VENUE.

1.     This action arises under the Copyright Act of the United States, 17 U.S.C. §§101 & 501, et. seq.  This court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §1338(a).

2.     Venue is proper in this Court pursuant to 28 U.S.C. §1391(b)&(c).

3.     Venue is further proper in that defendants' affirmed an End User License Agreement (or EULA) upon use of plaintiffs' Trial Version of a software program.  Said license contains a Forum Selection Clause providing in essence that in the event of a dispute involving any terms or conditions of this license the matter shall be heard in the County of Los Angeles, State of California.

## B.    THE PARTIES.

4.     Hitek Software LLC, is a limited liability company, organized and doing business under the laws of the State of California.  Its  principal headquarters is located in Santa Barbara, CA  93117.

5.     Plaintiff is informed and believes and thereon alleges Defendant Sunrise Broadcasting of New York, Inc., is a New York corporation, with its principal place of business located at 661 Little Britain Road, Floor 1, New

Windsor, New York 12553. Plaintiff is further informed and believes and thereon alleges that Sunrise is engaged in the business of broadcasting and providing radio entertainment over a licensed channel called WGNY.

### C.   SUMMARY OF THE ACTION.

6.   This action seeks damages and injunctive relief based upon the defendant's unauthorized intrusion, copying and usage of plaintiff's copyrighted software entitled "AbleFtp, Version 7.44"

7.   Hitek has registered the program AbleFtp with the Register of Copyright and has been given registration number Txu 1-279-900.  A copy of the registration is attached hereto and incorporated by reference as Exhibit "A."

8.   Hitek sells the copyrighted program on the World Wide Web of the Internet. The plaintiff is an adherent of the Shareware philosophy of offering the program for a limited time to potential purchasers.  In this instance, it is offered for 30 days.  A party is permitted to try out the program and see if it is suitable for their needs.  They may use the program after they affirm an End User License Agreement (EULA).  If the software meets their expectations, they may purchase it at any time, including while using the trial version or thereafter.  Upon receipt of payment, plaintiff will issue to them a confidential 20 digit alphanumeric code permitting them to open the program and apply it to their business needs.  No code

is issued to a trial user. A copy of the EULA is attached hereto and incorporated by reference as Exhibit "B."

Unfortunately, despite the plaintiff's best efforts, it has not been able to stem the tide of unscrupulous people who have gained unauthorized access to the program and have used the software to satisfy their own interests. These intruders have used so-called "cracking sites," which exist in great abundance on the Internet, to enable their penetration of the program. These sites supply the decryption of registration keys to developer's software and facilitate fraudulent registration codes (or keys) to be used in order to gain access to the programs. In self-defense, the plaintiff has adopted a tracking system which is able to identify the date and time of the intruder, the external and internal IP of the offending computer, the identity of the user of that computer and other data which is integral to proof of unauthorized access.

9. The tracking system the plaintiff adopted disclosed that a Computer owned and operated by defendants had used fraudulent registration codes (or "keys") to gain unauthorized access to, capture of and use of plaintiff's program.

10. The true names or capacities, whether individual, corporate Associate otherwise of the defendants DOES 1-10, inclusive, are unknown to plaintiff, who therefore allege that each of the defendants designated herein as DOES are legally responsible in some manner for the events and happenings

herein referred to, and is legally responsible for the injuries and damages to plaintiff as herein alleged.

11. Plaintiff alleges that at all times the injury and damage which is complained of occurred within this judicial district.

12. Plaintiff is informed and believes and thereon alleges that at all times mentioned, each of the defendants was the agent and employee of the remaining defendants and was at all times acting within the purpose, course and scope of said agency and employment and each of the defendants has ratified and approved the acts of the remaining defendants.

13. The program "AbleFtp" allows the user to automatically transfer files from/to an Ftp server. One instance of task completion is equivalent to an operator manually logging on to the server and transferring a file(s) to/from the server. Its intrinsic value lies in its automation feature that saves costs and considerable man-hours that would otherwise detract from the primary work of defendants.

**FIRST CLAIM FOR RELIEF: Violation of 17 U.S.C.§106(1) & 501, et.seq., Copyright Infringement**

14. Plaintiff incorporates by reference paragraphs 1 through 13 as if the same were set forth fully herein.

15. Hitek's tracking system determined that a computer entitled "sunrise-server 1" was detected on September 17, 2009, at 12:08 p.m., gaining unauthorized

access of the copyrighted program, copied it and made derivative works for the benefit of the company. The user is identified as "administrator."

16.     The computer was identified by its Public Internet Protocol Address of 96.233.207.10.  The IP has been verified by the American Registry of Internet Numbers (ARIN) as assigned to Sunrise.  The Private IP address is noted as 192.168.1.38.  Unauthorized access was gained by reason of the use of a fraudulent key which unlocked the software to unlimited use without the knowledge or consent of plaintiff. The key is noted as: QXA6J-ERT8J-RTH4U-HVV96-ARN-ROX. This key was not issued by Hitek.

17.     Unlawful usage of the software was detected on the following dates: December 22, 2009; March 2, 2010; May 10, 2010; July 11, 2010; November 17, 2010; January 17, 2011; April 6, 2011; October 30, 2011; and, January 19, 2012.

18.     At the commencement of this period, the user set up 2 tasks, 1 schedule and had 4,025 task runs of the software.  When the period concluded in January, 2012, the total of task runs amounted to 44,517.

19.     Plaintiff has documented usage by Proof of Illegal Usage and attached hereto and incorporated by reference as Exhibit " C."

20.     The American Registry of Internet Numbers (ARIN), an independent company whose task is to assign internet protocol numbers to internet service providers has noted that the numbers 96.233.207.10 is within the range of number

6

assigned to computers owned and operated by defendants. A copy of the ARIN report is attached hereto as Exhibit "D."

21.    Defendants' actions were knowledgeable and done with intent to harm plaintiff by depriving it of its rightful profit and gain.  Defendants' actions have likely harmed plaintiff in a variety of ways in the value of its program; the value of licensing;  and the unfair and unjust enrichment and profits gained by defendants' and each of them and for which plaintiff seeks Actual  damages pursuant to 17 U.S.C. § 504.  The amount of Actual damages is unknown at this time, but according to proof at time of trial.  Use of a fraudulent code in order to gain unauthorized access and usage of the program is prima facie proof of willfulness justifying plaintiff's claim to the maximum permitted for Statutory Damages of $150,000.00.

**SECOND CLAIM FOR RELIEF: Contributory Copyright Infringement.**

22.    Plaintiff incorporates by reference paragraphs 1 through 21 inclusive, as if the same were set forth fully herein.

23.    Plaintiff is informed and believes and thereon alleges that Defendants induced, caused and materially assisted in and contributed to the infringement alleged herein by supplying its employees, officers, servants, agents and others with the program, devices and equipment enabling them and each of them to

7

commit the acts complained of herein. Plaintiff is further informed and believes that at all times mentioned herein defendant Sunrise was aware of the illegality of what it contributed to, yet failed and refused to bring an end to these acts. Accordingly, Sunrise is jointly and severally contributorily liable to plaintiff for the direct infringement committed by its employees, servants, agents or others.

24.    Defendants' acts were done with intent to injure plaintiff and take from it a rightful profit for its product.  Use of a fraudulent code in order to gain unauthorized access indicates a knowledgeable act and a  willful act resulting in plaintiff's right to seek the maximum Statutory  Damages award available of $150,000.00.  In the alternative, plaintiff is  informed and believes that Actual Damages are appropriate, but the  exact amount is unknown at this time, according to proof at time of trial.

**THIRD CLAIM FOR RELIEF:** Vicarious Copyright Infringement.

25.    Plaintiff incorporates by reference paragraphs 1 through 26, inclusive, as if the same were set forth fully herein.

26.    At all times mentioned herein, defendant Sunrise, as employer of all the other defendants, had the right and ability to oversee and control the actions of its employees by virtue of its position.  The acts of unknown employees and others gaining unauthorized access so as to enable them to purloin plaintiff's copyrighted

product was preventable by vigilant acts on the part of Sunrise. Yet, the latter refused to prevent these acts from occurring.

Moreover, defendant Sunrise gained a financial benefit it would not otherwise have been entitled to by the unauthorized usage of the plaintiff's program. By its usage, Sunrise has saved costs and avoided certain expenses owed to employees for man-hours it would normally be required to pay. But for this unauthorized benefit, Sunrises profit would likely be less for the period in question.

27. As a consequence, Sunrise is vicariously liable to plaintiff for infringement. Sunrise is joint and severally liable for damages with those persons directly committing copyright infringement. In this case, Vision is liableto the greater of Actual Damages, according to proof, or the maximum of Statutory Damages per 17 U.S.C. § 504.

**FOURTH CLAIM FOR RELIEF: Violation of section 1201(a) of the Digital Millennium Copyright Act.**

28. Plaintiff incorporates by reference paragraph 1 through 27, inclusive, as if the same were set forth herein.

29. At all times mentioned herein, plaintiff had in force a 20 digit alphanumeric code designed to control access to his copyrighted software. It is only when a legitimate purchaser fulfills his obligation with respect to the terms

and conditions of the End User Licensing Agreement (EULA) and pays the standard market fee, that unlimited access to the licensed product is permitted. Plaintiff will issue to the licensee a license and provide legitimate code enabling access to the copyrighted program.

30.   The code is intended as a technological measure for the purpose of protecting Hitek's proprietary program. To gain access requires knowledge of the 20 digits issued by plaintiff. It is intended to exclude those who seek to circumvent the code.

31.   The true number of occasions of acts of circumvention is unknown to plaintiff at this time, but at least ten occasions are detected. As a consequence of defendants' unlawful and unauthorized circumvention of plaintiff's measures, plaintiff has sustained damages as previously set forth herein.

32.   The use of the circumvention device to gain access is an Intentional and knowledgeable act by the defendants. It is therefore willful and subjects Sunrise to the maximum allowed for Statutory Damages per work infringed or $150,000.00.

**WHEREFORE**, plaintiff prays that the Court issue the following order:

A.   Defendant be enjoined during the pendency of this action and permanently thereafter from appropriating, using or otherwise benefitting from

plaintiff's copyrighted application software identified above without the express written approval of plaintiff or his delegate;

B. Defendants be ordered to identify, preserve, set aside and retain any and all source code used by them in the infringement alleged above pursuant to Federal Rule of Civil Procedure 34, which includes, but is not limited to:

(i.) all electronically stored information which contains any portion of plaintiff's copyrighted program;

(ii) all writings as defined in Federal Rule of Evidence 1001, which refer to or mention in any manner plaintiff's program, except to those items based on privilege.

C. Pay plaintiff all damages sustained by Hitek as the result of Sunrise' unlawful acts, with prejudgment interest, as well as account for and pay for all gains and profits they have enjoyed at plaintiff's expense. In particular, Plaintiff demands compensation of at least $150,000.00 as Statutory Damages, or alternatively, Actual Damages, in the nature of profits attributable to the infringement, both direct and indirect, according to law

D. All costs of litigation, including, but not limited to costs of suit, an award of reasonable attorney fees and interest at legal rates.

E. Trial by jury.

F. Such other and further relief as the Court deems just.

**DONALD M. GINDY**
**PROFESSIONAL LAW CORPORATION**

Dated: September 14, 2012            By: _____

Donald M. Gindy
Attorney for Plaintiff
Hitek Software LLC

# EXHIBIT A

license
License Agreement for HitekSoftware Products Version 7.x

This License Agreement is valid for Automize 7.x, JaSFtp 7.x, AbleFtp 7.x, and AutoKrypt 7.x.
Automize 7.x, JaSFtp 7.x, AbleFtp 7.x, and AutoKrypt 7.x are copyrighted through the United States of America Copyright Office.

Hitek software - http://www.hiteksoftware.com

Read the terms of this agreement and any provided supplemental license terms (collectively "agreement") carefully before installing the software. By installing the software, you agree to the terms of this agreement. Do not install or use this software if you do not agree to all terms of this license agreement.

1.  License to use:  Hitek Software grants you a non-exclusive and non-transferable license for the internal use only of the accompanying software and documentation and any error corrections provided by Hitek Software (collectively "software"), by the number of users and the class of computer hardware for which the corresponding fee has been paid.  Please follow these criteria in determining the number of license copies that you need to purchase: a) Atleast 1 license per workstation:  Every workstation (PC, Mac, or Unix etc..) that the software is installed on requires a license.  i.e. if you install and use the software on 10 systems, you would need to purchase 10 licenses.  b) Multiple users per workstation, multiple users use the software:  A single copy of the software may be installed, or multiple users may install the software in their own user directory.  But, multiple users use the software. In this case, the total licenses required would equal the number of individual users using the software.  i.e. if 10 users use the software on the same workstation, you would need to purchase 10 licenses for that workstation.  c) Multiple users per workstation, single copy of software installed:  Sometimes many users share a workstation, but only a single copy of the software is installed and only one user uses the software.  In this case, only a single license is required for that workstation.  d)  Within a Company, Licenses can be transferred from one user to another user, or one computer to another computer, provided the software is first removed completely from the original workstation.  e)  Licenses cannot be transferred from one Company to another Company. f) Development/test license - A user is allowed to use an additional copy of the software on a development/laptop/home/test system, if the user already has a license in use.  The sole use of the additional copy should be to create, develop and test tasks and schedules that will eventually be used in the original licensed copy.  The license key for this additional test/laptop/home/developement copy should only be generated from our website.

2.  Restrictions: This Software is confidential and copyrighted. Hitek Software and/or its licensors retain title to software and all associated intellectual property rights.  Except as specifically authorized in any supplemental license terms, you may not make copies of software, other than a single copy of software for archival purposes.  Unless applicable law prohibits enforcement, you may not modify, decompile, and reverse engineer software.  You may not publish or provide the results of any benchmark or comparison tests run on software to any third party without the prior written consent of Hitek Software.  No right, title or interest in or to any trademark, service mark, logo or trade name of Hitek Software or its licensors is granted under this agreement.

3.  Trial period:  This software has a 30 day trial period, after which the software expires unless a valid registration key is entered.  If you purchase a license for this software from Hitek Software or its authorized resellers, instructions to generate a registration key will be provided to you.  The registration key allows you to unlock the software permanantely.  This registration key should only be generated online at our website or sent to you via email by Hitek Software.  Any attempt to register this software, or unlock the software permanantely, by using an illegal or fraudulent registration key, either before or after the 30 day trial period expires, makes this software copy an illegal and unauthorized copy, and violates Hitek Software's copyright of this software.  A legal copy of this software

Page 1

license
can be used for 30 days without entering a registration key. This allows you to to
try out this software and allows you to decide whether you want to buy it.  Before
or after the 30-day trial period, if you decide that it's not something you want to
have, simply remove it from your workstation.  Purchase the software only if you are
fully satisfied that it meets your needs.  After purchase, you agree not to request
a refund.

4.  Information Recorded to our website:
a) When you use this software for the first time, the following information is
recorded to the Hitek Software installation database: Product Name and Version,
users Country and Timezone.  This helps us track our monthly installs by country and
product, and provides us valuable feedback on our marketing efforts.
b) When you purchase a license for the software, you will be given information to
generate a license key at our website.  If you enter the license key generated from
our website to unlock our software, NO registration data is recorded.
c) However, if you register the software using a license key which is not generated
from our website, the following information about your computer is recorded into the
Hitek Software User Registration Database: Date/Time, Hitek Software Product Name
and Version, Registration Key for the installed Hitek Software Product, Computer
Name, Computers Internal IP address, Username logged onto Computer, Computers
Operating System, Timezone Setting and Country Setting.  Additionally, some
software usage statistics like total tasks, schedules and task instances run etc.
will also be recorded.  The above information will also be posted to our user
registration database on a regular periodic basis.

Hitek Software assures the user, that the above information will be securely stored,
and maintained with the utmost care.  By installing and/or registering this
software, you agree that Hitek Software should not be held liable in any manner, if
the security of this information is compromised in any manner.  To the extent not
prohibited by law, in no event will Hitek Software or its licensors be liable for
any lost revenue, profit or data, or for special, indirect, consequential,
incidental or punitive damages, however caused regardless of the theory of
liability, arising if the security of this information is compromised in any manner,
even if Hitek Software has been advised of the possibility of such damages.  Only
install this software, if you agree to have this information recorded by Hitek
Software.  By installing and/or registering this software, you agree that you grant
us your full and unconditional permission to record this information.

5.  Copyright Infringement:  You agree not to infringe on Hitek Softwares copyright
of this software.  Copyright violation could be in the form of a) violating license
counts, which you have purchased or b) using illegally generated registration keys
to unlock the software, without purchasing a valid license(s).  You agree to only
use Regsitration keys generated online from our Hitek Software website, or only use
registration keys emailed to you by Hitek Software.  You agree that any attempt to
register this software, or unlock the software permanantely, by using an illegal or
fraudulent registration key, either before or after the 30 day trial period expires,
makes this software copy an illegal and unauthorized copy, and violates Hitek
Software's copyright of this software.

6.  Disclaimer of warranty:  Unless specified in this agreement, all express or
implied conditions, representations and warranties, including any implied warranty
of merchantability, fitness for a particular purpose, or non-infringement, are
disclaimed, except to the extent that these disclaimers are held to be legally
invalid.

7.  Limitation of liability:   To the extent not prohibited by law, in no event will
Hitek Software or its licensors be liable for any lost revenue, profit or data, or
for special, indirect, consequential, incidental or punitive damages, however caused
regardless of the theory of liability, arising out of or related to the use of or
inability to use software, even if Hitek Software has been advised of the
possibility of such damages.  In no event will Hitek Software's liability to you,
whether in contract, tort (including negligence), or otherwise, exceed the amount
paid by you for software under this agreement.  The foregoing limitations will apply

Page 2

license
even if the above stated warranty fails of its essential purpose.

8.   Termination: This agreement is effective until terminated.  You may terminate this agreement at any time by destroying all copies of software.  This agreement will terminate immediately without notice from Hitek Software if you fail to comply with any provision of this agreement. Upon termination, you must destroy all copies of software.

9.   Export regulations:  All software and technical data delivered under this agreement are subject to us export control laws and may be subject to export or import regulations in other countries.  You agree to comply strictly with all such laws and regulations and acknowledge that you have the responsibility to obtain such licenses to export, re-export, or import as may be required after delivery to you.

10.   Governing law:  This license shall be deemed to have been executed within the State of California, in the United States of America.   It shall be construed and enforced in accordance with and governed by the laws of the State of California. The proper venue for resolution of any claim or dispute regarding this license shall be the County of Los Angeles.   In the event of a claim of copyright infringement, the proper venue is acknowledged to be the United States District Court for the State of California.  For users located outside the United States of America, Hitek Software has sole discretion on whether U.S. Federal law, or the end users country's federal law, should govern any action related to this agreement.

11.   Severability:  If any provision of this agreement is held to be unenforceable, this agreement will remain in effect with the provision omitted, unless omission would frustrate the intent of the parties, in which case this agreement will immediately terminate.

12.   Integration:   This agreement is the entire agreement between you and Hitek Software relating to its subject matter.   It supersedes all prior or contemporaneous oral or written communications, proposals, representations and warranties and prevails over any conflicting or additional terms of any quote, order, acknowledgment, or other communication between the parties relating to its subject matter during the term of this agreement.  No modification of this agreement will be binding, unless in writing and signed by an authorized representative of each party.

13.  Third Party:  This Software uses a number of 3rd party OpenSource Libraries. Please see the file license_3rdParty.txt for details.  JaSFtp uses a 3rd party commercial SSH2/SFtp library from 3sp.com called J2SSH Maverick.

For inquiries please contact:
Hitek Software
http://www.hiteksoftware.com
support@hiteksoftware.com

Page 3

# EXHIBIT B

## Certificate of Registration



This Certificate issued under the seal of the Copyright Office in accordance with title 17, United States Code, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Marybeth Peters*

Register of Copyrights, United States of America

**Form TX**
For a Nondramatic Literary Work
UNITED STATES COPYRIGHT OFFICE

**TXu 1-279-900**



EFFECTIVE DATE OF REGISTRATION

Mar 7 2006
Month    Day    Year

---

**DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET.**

**1**

**TITLE OF THIS WORK ▼**
AbleFtp Version 7

**PREVIOUS OR ALTERNATIVE TITLES ▼**

**PUBLICATION AS A CONTRIBUTION** If this work was published as a contribution to a periodical, serial, or collection, give information about the collective work in which the contribution appeared.    Title of Collective Work ▼

If published in a periodical or serial give    Volume ▼    Number ▼    Issue Date ▼    On Pages ▼

**2**

**a**    **NAME OF AUTHOR ▼**
Melvin Joseph DeSilva

**DATES OF BIRTH AND DEATH**
Year Born ▼  1965    Year Died ▼

Was this contribution to the work a "work made for hire"?
☐ Yes
☒ No

**AUTHOR'S NATIONALITY OR DOMICILE**
Name of Country
OR { Citizen of ▶ United States of America
Domiciled in ▶

**WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK**
Anonymous?    ☐ Yes  ☒ No    If the answer to either of these questions is "Yes," see detailed instructions.
Pseudonymous?  ☐ Yes  ☒ No

**NATURE OF AUTHORSHIP** Briefly describe nature of material created by this author in which copyright is claimed ▼
Computer Software Program - FTP automation software

**NOTE**

Under the law, the "author" of a "work made for hire" is generally the employer, not the employee (see instructions). For any part of this work that was "made for hire" check "Yes" in the space provided, give the employer (or other person for whom the work was prepared) as "Author" of that part, and leave the space for dates of birth and death blank.

**b**    **NAME OF AUTHOR ▼**

**DATES OF BIRTH AND DEATH**
Year Born ▼    Year Died ▼

Was this contribution to the work a "work made for hire"?
☐ Yes
☐ No

**AUTHOR'S NATIONALITY OR DOMICILE**
Name of Country
OR { Citizen of ▶
Domiciled in ▶

**WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK**
Anonymous?    ☐ Yes  ☐ No    If the answer to either of these questions is "Yes," see detailed instructions.
Pseudonymous?  ☐ Yes  ☐ No

**NATURE OF AUTHORSHIP** Briefly describe nature of material created by this author in which copyright is claimed ▼

**c**    **NAME OF AUTHOR ▼**

**DATES OF BIRTH AND DEATH**
Year Born ▼    Year Died ▼

Was this contribution to the work a "work made for hire"?
☐ Yes
☐ No

**AUTHOR'S NATIONALITY OR DOMICILE**
Name of Country
OR { Citizen of ▶
Domiciled in ▶

**WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK**
Anonymous?    ☐ Yes  ☐ No    If the answer to either of these questions is "Yes," see detailed instructions.
Pseudonymous?  ☐ Yes  ☐ No

**NATURE OF AUTHORSHIP** Briefly describe nature of material created by this author in which copyright is claimed ▼

**3**

**a**    **YEAR IN WHICH CREATION OF THIS WORK WAS COMPLETED**  This information must be given ◀ Year in all cases.
2006

**b**    **DATE AND NATION OF FIRST PUBLICATION OF THIS PARTICULAR WORK**  Complete this information ONLY if this work has been published.
Month ▶    Day ▶    Year ▶    ◀ Nation

**4**

**COPYRIGHT CLAIMANT(S)** Name and address must be given even if the claimant is the same as the author given in space 2. ▼
Melvin DeSilva
1719 Amarelle St.
Newbury Park, CA 91320, USA

**TRANSFER** If the claimant(s) named here in space 4 is (are) different from the author(s) named in space 2, give a brief statement of how the claimant(s) obtained ownership of the copyright. ▼

APPLICATION RECEIVED
MAR 07 2006
ONE DEPOSIT RECEIVED
MAR 07 2006
TWO DEPOSITS RECEIVED
FUNDS RECEIVED

DO NOT WRITE HERE
OFFICE USE ONLY

---

**MORE ON BACK ▶**  • Complete all applicable spaces (numbers 5-9) on the reverse side of this page.    • See detailed instructions.    • Sign the form at line 8.

DO NOT WRITE HERE
Page 1 of _____ pages

\*Amended by C.O. per phone call to Melvin
DeSilva on 5-17-2006.

EXAMINED BY

CHECKED BY

☐ CORRESPONDENCE
☐ Yes

FORM TX

FOR
COPYRIGHT
OFFICE
USE
ONLY

**DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET.**

**PREVIOUS REGISTRATION** Has registration for this work, or for an earlier version of this work, already been made in the Copyright Office?

☑ Yes  ☐ No  If your answer is "Yes," why is another registration being sought? (Check appropriate box.) ▼

a. ☐ This is the first published edition of a work previously registered in unpublished form

b. ☐ This is the first application submitted by this author as copyright claimant

c. ☑ This is a changed version of the work, as shown by space 6 on this application.

If your answer is "Yes," give Previous Registration Number ▶ TXu1-173-885   Year of Registration ▶ 2004

**5**

**DERIVATIVE WORK OR COMPILATION**

Preexisting Material Identify any preexisting work or works that this work is based on or incorporates ▼

TXu1-173-885

Material Added to This Work Give a brief, general statement of the material that has been added to this work and in which copyright is claimed ▼

\* New user interface. New features and tasks added. new and revised computer program text

**6**
a
b

See instructions
before completing
this space

**DEPOSIT ACCOUNT** If the registration fee is to be charged to a Deposit Account established in the Copyright Office, give name and number of Account
Name ▼   Account Number ▼

**CORRESPONDENCE** Give name and address to which correspondence about this application should be sent   Name/Address/Apt/City/State/ZIP ▼

Melvin DeSilva
1719 Amarelle St.
Newbury Park, CA 91320

Area code and daytime telephone number ▶ 805-427-6482   Fax number ▶ 818-958-2137

Email ▶ melvin@hiteksoftware.com

**7**
a
b

**CERTIFICATION\*** I, the undersigned, hereby certify that I am the
Check only one ▶

☑ author
☐ other copyright claimant
☐ owner of exclusive right(s)
☐ authorized agent of

of the work identified in this application and that the statements made   Name of author or other copyright claimant, or owner of exclusive right(s) ▲
by me in this application are correct to the best of my knowledge

**8**

Typed or printed name and date ▼ If this application gives a date of publication in space 3, do not sign and submit it before that date

Melvin Joseph DeSilva   Date ▶ 02-21-06

Handwritten signature (X) ▼

X   M deSilva

Certificate
will be
mailed in
window
envelope
to this
address:

Name ▼
Melvin DeSilva.

Number/Street/Apt ▼
1719 Amarelle St.

City/State/ZIP ▼
Newbury Park, CA 91320

• Complete all necessary spaces
• Sign your application in space 8

1. Application form
2. Nonrefundable filing fee in check or money order payable to Register of Copyrights
3. Deposit material

Library of Congress
Copyright Office - TX
101 Independence Avenue, S E
Washington, D C 20559-6222

**9**

\*17 U.S.C. § 506(e): Any person who knowingly makes a false representation of a material fact in the application for copyright registration provided for by section 409, or in any written statement filed in connection with the application, shall be fined not more than $2,500.

Rev. July 2003—xxx  Web Rev July 2003  ♲ Printed on recycled paper   U S Government Printing Office: 2000-461-113/20,021

# EXHIBIT C

## Hitek Software, LLC

## Proof of illegal usage

| | |
|---|---|
| **Computer Name** | sunrise-server1 |

| | |
|---|---|
| **Server date** | 2009-09-17 12:08:02.0 EDT |
| **Installed (user date)** | October 17, 2008 2:06:50 PM EDT |
| **Program** | AbleFtp |
| **Program Version** | 7.44 |
| **Key** | QXA6J-EFT8J-RTH4U-HVV96-ARN-R0X |
| **Public IP** | 96.233.207.10 |
| **Host** | static-96-233-207-10.pghkny.fios.verizon.net |
| **Private IP** | 192.168.1.38 |
| **Username** | Administrator |
| **Total Tasks** | 2 |
| **Total Schedules** | 1 |
| **Task Runs** | 4025 |

## SUNRISE BROADCASTING

## Hitek Software, LLC

## Proof of illegal usage

| | |
|---|---|
| **Computer Name** | sunrise-server1 |

---

| | |
|---|---|
| **Server date** | 2009-12-22 14:24:12.0 EST |
| **Installed (user date)** | October 17, 2008 2:06:50 PM EDT |
| **Program** | AbleFtp |
| **Program Version** | 7.44 |
| **Key** | QXA6J-EFT8J-RTH4U-HVV96-ARN-R0X |
| **Public IP** | 96.233.207.10 |
| **Host** | static-96-233-207-10.pghkny.fios.verizon.net |
| **Private IP** | 192.168.1.38 |
| **Username** | Administrator |
| **Total Tasks** | 2 |
| **Total Schedules** | 1 |
| **Task Runs** | 8636 |

---

## SUNRISE BROADCASTING

## Hitek Software, LLC

## Proof of illegal usage

| | |
|---|---|
| **Computer Name** | sunrise-server1 |

| | |
|---|---|
| **Server date** | 2010-03-02 08:17:45.0 EST |
| **Installed (user date)** | October 17, 2008 2:06:50 PM EDT |
| **Program** | AbleFtp |
| **Program Version** | 7.44 |
| **Key** | QXA6J-EFT8J-RTH4U-HVV96-ARN-R0X |
| **Public IP** | 96.233.207.10 |
| **Host** | static-96-233-207-10.pghkny.fios.verizon.net |
| **Private IP** | 192.168.1.38 |
| **Username** | Administrator |
| **Total Tasks** | 2 |
| **Total Schedules** | 1 |
| **Task Runs** | 11983 |

## SUNRISE BROADCASTING

## Hitek Software, LLC

## Proof of illegal usage

| Computer Name | sunrise-server1 |
|---|---|

| | |
|---|---|
| Server date | 2010-05-10 07:17:58.0 EDT |
| Installed (user date) | October 17, 2008 2:06:50 PM EDT |
| Program | AbleFtp |
| Program Version | 7.44 |
| Key | QXA6J-EFT8J-RTH4U-HVV96-ARN-R0X |
| Public IP | 96.233.207.10 |
| Host | static-96-233-207-10.pghkny.fios.verizon.net |
| Private IP | 192.168.1.38 |
| Username | Administrator |
| Total Tasks | 1 |
| Total Schedules | 1 |
| Task Runs | 15295 |

## SUNRISE BROADCASTING

## Hitek Software, LLC

## Proof of illegal usage

| | |
|---|---|
| **Computer Name** | sunrise-server1 |

| | |
|---|---|
| **Server date** | 2010-07-11 08:18:30.0 EDT |
| **Installed (user date)** | October 17, 2008 2:06:50 PM EDT |
| **Program** | AbleFtp |
| **Program Version** | 7.44 |
| **Key** | QXA6J-EFT8J-RTH4U-HVV96-ARN-R0X |
| **Public IP** | 96.233.207.10 |
| **Host** | static-96-233-207-10.pghkny.fios.verizon.net |
| **Private IP** | 192.168.1.38 |
| **Username** | Administrator |
| **Total Tasks** | 1 |
| **Total Schedules** | 1 |
| **Task Runs** | 18254 |

## SUNRISE BROADCASTING

# Hitek Software, LLC

## Proof of illegal usage

| Computer Name | sunrise-server1 |
| --- | --- |

| | |
| --- | --- |
| Server date | 2010-11-17 06:22:18.0 EST |
| Installed (user date) | October 17, 2008 2:06:50 PM EDT |
| Program | AbleFtp |
| Program Version | 7.44 |
| Key | QXA6J-EFT8J-RTH4U-HVV96-ARN-R0X |
| Public IP | 96.233.207.10 |
| Host | static-96-233-207-10.pghkny.fios.verizon.net |
| Private IP | 192.168.1.38 |
| Username | Administrator |
| Total Tasks | 1 |
| Total Schedules | 1 |
| Task Runs | 24206 |

# SUNRISE BROADCASTING

## Hitek Software, LLC

## Proof of illegal usage

| Computer Name | sunrise-server1 |
|---|---|

| | |
|---|---|
| **Server date** | 2011-01-17 09:10:18.0 EST |
| **Installed (user date)** | October 17, 2008 2:06:50 PM EDT |
| **Program** | AbleFtp |
| **Program Version** | 7.44 |
| **Key** | QXA6J-EFT8J-RTH4U-HVV96-ARN-R0X |
| **Public IP** | 96.233.207.10 |
| **Host** | static-96-233-207-10.pghkny.fios.verizon.net |
| **Private IP** | 192.168.1.38 |
| **Username** | Administrator |
| **Total Tasks** | 1 |
| **Total Schedules** | 1 |
| **Task Runs** | 27094 |

## SUNRISE BROADCASTING

## Hitek Software, LLC

## Proof of illegal usage

| Computer Name | sunrise-server1 |
|---|---|

| | |
|---|---|
| Server date | 2011-04-06 14:44:29.0 EDT |
| Installed (user date) | October 17, 2008 2:06:50 PM EDT |
| Program | AbleFtp |
| Program Version | 7.44 |
| Key | QXA6J-EFT8J-RTH4U-HVV96-ARN-R0X |
| Public IP | 96.233.207.10 |
| Host | static-96-233-207-10.pghkny.fios.verizon.net |
| Private IP | 192.168.1.38 |
| Username | Administrator |
| Total Tasks | 1 |
| Total Schedules | 1 |
| Task Runs | 30744 |

## SUNRISE BROADCASTING

## Hitek Software, LLC

## Proof of illegal usage

| Computer Name | sunrise-server1 |
|---|---|
| Server date | 2011-10-30 10:04:18.0 EDT |
| Installed (user date) | October 17, 2008 2:06:50 PM EDT |
| Program | AbleFtp |
| Program Version | 7.44 |
| Key | QXA6J-EFT8J-RTH4U-HVV96-ARN-R0X |
| Public IP | 96.233.207.10 |
| Host | static-96-233-207-10.pghkny.fios.verizon.net |
| Private IP | 192.168.1.38 |
| Username | Administrator |
| Total Tasks | 1 |
| Total Schedules | 1 |
| Task Runs | 40620 |

## SUNRISE BROADCASTING

## Hitek Software, LLC

## Proof of illegal usage

| | |
|---|---|
| **Computer Name** | sunrise-server1 |

| | |
|---|---|
| **Server date** | 2012-01-19 11:59:37.0 EST |
| **Installed (user date)** | October 17, 2008 2:06:50 PM EDT |
| **Program** | AbleFtp |
| **Program Version** | 7.44 |
| **Key** | QXA6J-EFT8J-RTH4U-HVV96-ARN-R0X |
| **Public IP** | 96.233.207.10 |
| **Host** | static-96-233-207-10.pghkny.fios.verizon.net |
| **Private IP** | 192.168.1.38 |
| **Username** | Administrator |
| **Total Tasks** | 1 |
| **Total Schedules** | 1 |
| **Task Runs** | 44517 |

## SUNRISE BROADCASTING

# EXHIBIT D

**Network**

| | |
|---|---|
| NetRange | 96.233.207.8 - 96.233.207.15 |
| CIDR | 96.233.207.8/29 |
| Name | FTTP |
| Handle | NET-96-233-207-8-1 |
| Parent | VIS-BLOCK (NET-96-224-0-0-1) |
| Net Type | Reassigned |
| Origin AS | |
| Customer | SUNRISE BROADCASTING OF (C01774410) |
| Registration Date | 2007-11-08 |
| Last Updated | 2007-11-08 |
| Comments | |
| RESTful Link | http://whois.arin.net/rest/net/NET-96-233-207-8-1 |
| See Also | Upstream network's resource POC records. |
| See Also | Upstream organization's POC records. |
| See Also | Related delegations. |

**Customer**

| | |
|---|---|
| Name | SUNRISE BROADCASTING OF |
| Handle | C01774410 |
| Street | 661 LITTLE BRITAIN RD FLR 1 |
| City | NEW WINDSOR |
| State/Province | NY |
| Postal Code | 12553 |
| Country | US |
| Registration Date | 2007-11-08 |
| Last Updated | 2011-03-19 |

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Margaret M. Morrow and the assigned discovery Magistrate Judge is Michael Wilner.

The case number on all documents filed with the Court should read as follows:

## CV12- 8004 MMM (MRWx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

===========================================================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [✓] Western Division | [ ] Southern Division | [ ] Eastern Division |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

DONALD M. GINDY
A PROFESSIONAL LAW CORPORATION
1880 CENTURY PARK EAST, SUITE 615
LOS ANGELES, CA 90067
Don@gindylaw.com
Telephone: 310-772-0585 Fax: 310-772-0018

ORIGINAL

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HITEK SOFTWARE LLC, a California limited liability company<br><br>PLAINTIFF(S)<br><br>v.<br><br>Sunrise Broadcasting of New York, Inc. a New York Corporation; Does 1-10, inclusive.<br><br><br><br>DEFENDANT(S). | CASE NUMBER<br><br>CV12-08004 mmm (MRWx)<br><br><br>**SUMMONS** |

TO:    THE ABOVE-NAMED DEFENDANT(S):

YOU ARE HEREBY SUMMONED and required to file with this court and serve upon plaintiff's attorney
DONALD M. GINDY, ESQ.                          , whose address is:

DONALD M. GINDY
A PROFESSIONAL LAW CORPORATION
1880 CENTURY PARK EAST, SUITE 615
LOS ANGELES, CA 90067

an answer to the  ☒ complaint ☐_____amended complaint ☐ counterclaim ☐ cross-claim
which is herewith served upon you within __21__ days after service of this Summons upon you, exclusive
of the day of service. If you fail to do so, judgement by default will be taken against you for the relief
demanded in the complaint.

SEP 17 2012

Dated: _____

Clerk, U.S. District Court

By: _____
              Deputy Clerk

(Seal of the Court)

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

| | |
|---|---|
| **I (a) PLAINTIFFS** (Check box if you are representing yourself ☐) <br> HITEK SOFTWARE LLC, a California limited liability company | **DEFENDANTS** <br> Sunrise Broadcasting of New York, Inc. a New York Corporation; Does 1-10, inclusive. |
| **(b)** County of Residence of First Listed Plaintiff (Except in U.S. Plaintiff Cases): | County of Residence of First Listed Defendant (In U.S. Plaintiff Cases Only): |
| **(c)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) <br> DONALD M. GINDY A PROFESSIONAL LAW CORPORATION <br> 1880 CENTURY PARK EAST, SUITE 615 <br> LOS ANGELES, CA 90067 <br> (310) 772-0585 | Attorneys (If Known) |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff  ☒ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant  ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1 Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify):  ☐ 6 Multi-District Litigation  ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes  ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes  ☒ No    ☐ **MONEY DEMANDED IN COMPLAINT: $** 150,000.00

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Copyright Infringement and Unfair Competition   COPYRIGHT INFRINGEMENT

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | **BANKRUPTCY** | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | **CIVIL RIGHTS** | **FORFEITURE / PENALTY** | **PROPERTY RIGHTS** |
| ☐ 810 Selective Service | | ☐ 355 Motor Vehicle Product Liability | ☐ 441 Voting | ☐ 610 Agriculture | ☒ 820 Copyrights |
| ☐ 850 Securities/Commodities /Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | ☐ 442 Employment | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury-Med Malpractice | ☐ 443 Housing/Acco-mmodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 365 Personal Injury-Product Liability | ☐ 444 Welfare | | **SOCIAL SECURITY** |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 445 American with Disabilities - Employment | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | | | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | **REAL PROPERTY** | | ☐ 446 American with Disabilities - Other | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | | | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | | ☐ 440 Other Civil Rights | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | | | | **FEDERAL TAX SUITS** |
| | ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability <br> ☐ 290 All Other Real Property | | | | ☐ 871 IRS-Third Party 26 USC 7609 |

**VIII(a). IDENTICAL CASES:** Has this action been previously filed and dismissed, remanded or closed? ☒ No  ☐ Yes

If yes, list case number(s):

**FOR OFFICE USE ONLY:** Case Number: CV12-08004

CV-71 (07/05)                    **CIVIL COVER SHEET**                    Page 1 of 2

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

**VIII(b). RELATED CASES:** Have any cases been previously filed that are related to the present case? ☑ No   ☐ Yes

If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply)  ☐ A.  Arise from the same or closely related transactions, happenings, or events; or
  ☐ B.  Call for determination of the same or substantially related or similar questions of law and fact; or
  ☐ C.  For other reasons would entail substantial duplication of labor if heard by different judges; or
  ☐ D.  Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** List the California County, or State if other than California, in which **EACH** named plaintiff resides (Use an additional sheet if necessary)
☐ Check here if the U.S. government, its agencies or employees is a named plaintiff.
  Los Angeles

List the California County, or State if other than California, in which **EACH** named defendant resides. (Use an additional sheet if necessary).
☐  Check here if the U.S. government, its agencies or employees is a named defendant.
  New York

List the **California County**, or State if other than California, in which **EACH** claim arose. (Use an additional sheet if necessary)
Note: In land condemnation cases, use the location of the tract of land involved.
  Los Angeles County

**X. SIGNATURE OF ATTORNEY (OR PRO PER):** _[signature]_   Date _September 14, 2012_

**Notice to Counsel/Parties:**  The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

CV-71 (07/05)                          CIVIL COVER SHEET                          Page 2 of 2